UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

GARY WAYNE MIDGLEY,

        **Plaintiff,**

v.

TAMMY ALSIP,

        **Defendant.**

Case No. 20-CV-163-JFH-MTS

## OPINION AND ORDER

Before the Court is a motion to dismiss ("Motion") filed by Defendant Tammy Alsip ("Alsip") [Dkt. No. 4]. Alsip is the only active defendant in this suit, as the Court dismissed the claims brought by Plaintiff Gary Wayne Midgley ("Plaintiff") against Defendant Kenneth Mason ("Mason") for failure to serve in January 2021. Dkt. No. 14. Plaintiff alleges that Alsip made false statements to law enforcement that resulted in criminal prosecution and eventual acquittal of Plaintiff. Dkt. No. 2-4. Alsip moves to dismiss all claims against her. Dkt. No. 4. For the reasons set forth herein, the Motion is GRANTED IN PART and DENIED IN PART.

## STANDARD

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. Although decided within an

antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,* 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

## FACTUAL BACKGROUND

Taking Plaintiff's allegations as true and construing them in the light most favorable to him, as it must at this stage, the Court briefly recounts Plaintiff's allegations. Plaintiff's son attended public school in Chouteau, Oklahoma, where he suffered bullying and verbal abuse on a school bus. Dkt. No. 2-4 at 1. In 2017, Plaintiff complained to school officials regarding the bullying and "demanded that appropriate actions be taken." *Id.* at 2. These discussions were heated but not threatening. *Id.*

Alsip is a Chouteau police officer and Chouteau Public Schools resource officer. *Id.* at 1. Plaintiff alleges that after the meetings with Plaintiff—motivated by revenge and dislike for the way Plaintiff advocated for his son—Alsip swore an affidavit describing eight supposed threats Plaintiff made during the discussions:

- Alsip witnessed Plaintiff threaten to kill her and others.
- Plaintiff threatened to take Alsip fishing and that she would not return.

- Plaintiff said he could break into houses and shoot people.

- Plaintiff admitted to kidnapping people and making them disappear.

- Plaintiff sat waiting for the bus driver to cross a line.

- Plaintiff stated he would make the bus driver go away.

- Plaintiff said he would restrain a school employee and throw him in a river.

- Plaintiff told Mason he was trying to decide if Mason was also going in the river.

*Id.* at 2-3. Plaintiff further alleges that Alsip omitted from the affidavit facts regarding the context of the statements and the history of bullying and verbal abuse experienced by Plaintiff's son. *Id.* at 3. After this affidavit, Plaintiff was arrested and charged in Mayes County case CM-2017-136 with two counts of threatening to perform acts of violence. *Id.* The case went to trial and Plaintiff was found not guilty by the jury on September 24, 2018. *Id.*

## ANALYSIS

I. **Oklahoma Governmental Tort Claims Act**

Alsip argues that, because she is an employee of an Oklahoma political subdivision, Plaintiff's state claims are statutorily precluded by the Oklahoma Governmental Tort Claims Act ("GTCA"). Dkt. No. 4 at 8-10. She claims she may not be named as an individual defendant because the GTCA prohibits individual suits against governmental employees working within the course of their employment. *Id.*

Plaintiff correctly responds that the GTCA's protections do not apply here. Plaintiff brings malicious prosecution and other intentional torts against Alsip. *See generally* Dkt. No. 2-4. The GTCA excludes acts done in bad faith from its coverage. 51 O.S. §§ 152-53. "Malicious prosecution requires, as elements to be proven, lack of probable cause and malice. These two

elements necessarily include some degree of bad faith." *Parker v. City of Midwest City*, 850 P.2d 1065, 1068 (Okla. 1993) (citation omitted). Because the requisite showing of malice negates the GTCA's applicability, a malicious prosecution claim may be brought against a governmental employee in his or her individual capacity. *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012). Alsip's GTCA argument does not support dismissal.

## II. Federal Conspiracy Claim and State Tort Claims

Alsip argues that the individual suit against her cannot go forward because "any such claim long expired via the operation of the statute of limitations." Dkt. No. 4 at 10. Plaintiff concedes his state claims are untimely under their applicable statutes of limitations, but he argues—citing *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990)—that a tolling exception applies because his state claims arose as part of a conspiracy to maliciously prosecute Plaintiff in violation of 42 U.S.C. § 1983. Dkt. No. 11 at 4-5.

"Allegations of conspiracy may, indeed, form the basis of a § 1983 claim. However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quotations and citations omitted). Even if concerted action is theoretically possible, a plaintiff must allege facts explaining how the concerted action came about. *Shimomura v. Carlson*, 811 F.3d 349, 360 (10th Cir. 2015) (affirming dismissal of § 1983 conspiracy claim where plaintiff failed to allege any facts plausibly explaining how law enforcement officers reached a meeting of the minds to unlawfully arrest plaintiff before the plaintiff's arrest); *Pendergraft v. Bd. of Regents of Okla. Colleges*, No. CV-18-0793-D, 2019 WL 7340303, at *3 (W.D. Okla. Dec. 30, 2019) (dismissing § 1983 conspiracy claim where concerted action allegations were "simply conclusory"); *Muhammad v. Dawson*, No.

4

CIV-18-911-G, 2019 WL 5791456, at *10 (W.D. Okla. July 9, 2019), *report and recommendation adopted*, No. CIV-18-911-G, 2019 WL 5789855 (W.D. Okla. Nov. 5, 2019) (dismissing § 1983 conspiracy claim where a plaintiff's allegations "impl[ied] there were agreements among [defendants]" but included "no 'specific facts' to plausibly show any such agreement, or any concerted action, as required to establish that a conspiracy existed"). In short, a plaintiff must allege "a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) *abrogated on other grounds by Torres v. Madrid*, 141 S.Ct. 989 (2021).[1]

Plaintiff fails to allege any specific facts which would plausibly establish a meeting of the minds. He alleges that after "heated discussion with school officials," Alsip and Mason made false and misleading statements "to extract revenge against [Plaintiff]," which were "motivated by their animus and dislike of Plaintiff." *Id.* at 2-4. But the only times he references any meeting of the minds are two conclusory allegations that Alsip and Mason "personally participated . . . in concert and conspiracy" and "were engaged in an on-going conspiracy to maliciously prosecute Plaintiff." *Id.* at 5. As in *Shimomura*, *Pendergraft*, and *Muhammad*, these bare assertions do not state a plausible § 1983 conspiracy claim and dismissal of this claim is proper.

Plaintiff admits his state law claims are time-barred in the absence of a plausible federal conspiracy claim. Dkt. No. 11 at 4. Thus, dismissal is proper for these claims as well.

---

[1] Plaintiff's citation of *Robinson* does not contradict these rules. *Robinson* involved a 12-day trial where evidence was put on that the defendants embarked a multi-year "plan to 'get' [the plaintiff] at all costs," including witness tampering and knowing presentation of false evidence. 995 F.2d at 651-54. In contrast, Plaintiff here offers only bare allegations and implications that Alsip and Mason conspired to maliciously prosecute him. Dkt. No. 2-4.

### III. Federal Malicious Prosecution Claim

"The common law elements of malicious prosecution are the 'starting point' for [an] analysis of a § 1983 malicious prosecution claim[]. But the ultimate question in such a case is whether plaintiff has proven the deprivation of a constitutional right." *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008). The Tenth Circuit has "repeatedly recognized a cause of action under § 1983 for malicious prosecution under the Fourth Amendment" right to be free from unreasonable seizures. *Id.*; *Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016). If arrested without a warrant, a plaintiff may challenge "the probable cause determination made during the constitutionally-required probable cause hearing." *Wilkins*, 528 F.3d at 798. If arrested pursuant to a warrant, a "plaintiff can challenge the probable cause determination supporting the warrant's issuance." *Id.*

For a § 1983 malicious prosecution claim, a plaintiff must prove five elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id.* at 799 (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007). A malicious prosecution claim accrues when criminal proceedings are terminated in the plaintiff's favor and possesses a two-year statute of limitations. *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013).

Alsip argues without authority that "when a claim is based on allegedly false statements in an affidavit, a plaintiff should be required to identify the specific statements alleged to be false and why those statements negate probable cause." Dkt. No. 4 at 12. In her estimation, Plaintiff's complaint "alleges only that [she] made false statements, but offers no explanation as to why those

6

statements negate probable cause." *Id.* The Court does not believe such specificity is mandated by Federal Rule of Civil Procedure 8(a)(2)'s requirement of a short and plain statement and the plausibility standard.

Plaintiff's malicious prosecution allegations fulfill the plausibility standard. As to the first and second elements, he claims that Alsip caused a criminal case to be filed against him by providing false and misleading information to authorities and that the case was terminated in his favor when a jury found him not guilty following trial. Dkt. No. 2-4 at 2-3. As to the third element, Plaintiff alleges eight false statements and three reckless omissions made by Alsip regarding his purported threats and states that without these false statements and reckless omissions, no probable cause to arrest him existed. *Id.* at 3. As to the fourth element, Plaintiff asserts that Alsip was motivated "to extract revenge" against him and was motivated by "dislike of [him]." *Id.* at 4. And finally, as to the fifth element, Plaintiff claims he suffered damages from the seizure and criminal proceedings. *Id.* at 3-5. This is an adequate statement to establish plausibility.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to dismiss [Dkt. No. 4] filed by Defendant Tammy Alsip is GRANTED IN PART and DENIED IN PART. It is granted insofar as it relates to Plaintiff's state law tort claims and § 1983 conspiracy claim. It is denied insofar as it relates to Plaintiff's § 1983 malicious prosecution claim.

Dated this 20th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE